**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.** 21 USC §846

02 - 20552 CR-UNGARO-BENAGES

MAGISTRATE JUDGE
BROWN

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

ALBERT TORRES,
CARMEN CAICEDO,
JORGE CEPERO and
OMAR OLIVERO,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about May 7, 2002, to on or about June 13, 2002, at Miami-Dade County, in the

Southern District of Florida and elsewhere, the defendants,



ALBERT TORRES,
CARMEN CAICEDO,
JORGE CEPERO
and
OMAR OLIVERO,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with

other persons known and unknown to the Grand Jury to possess with intent to distribute a Schedule

SCANNED

II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

COUNT II

On or about June 13, 2002, at Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

ALBERT TORRES
and
CARMEN CAICEDO,

did knowingly and intentionally attempt to possess with intent to distribute, a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

COUNT III

On or about June 13, 2002, at Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

JORGE CEPERO
and
OMAR OLIVERO,

did knowingly and intentionally attempt to possess with intent to distribute, a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

2

## FORFEITURE

The Grand Jury re-alleges and incorporates by reference herein the allegations of Counts One through Three of this Indictment for the purpose of alleging forfeiture pursuant to the provisions of Title 21 United States Code, Section 853.

As a result of their commission of the felony offenses alleged in Counts One through Three of this Indictment, all of which are punishable by imprisonment for more than one year, pursuant to Title 21, United States Code, Section 846, defendants:

ALBERT TORRES,
CARMEN CAICEDO,
JORGE CEPERO
and
OMAR OLIVERO,

shall forfeit to the United States and the United States is entitled to the forfeiture of any and all property constituting and derived from any proceeds the defendants obtained directly or indirectly, as the result of such violations and any and all of the defendants' property, used and intended to be used in any manner, or part, to commit or to facilitate the commission of said violations, as follows:

A.     Approximately fifty thousand dollars ($50,000) in United States currency, in that such sum in aggregate was received from defendants ALBERT TORRES and CARMEN CAICEDO, in exchange for and used to facilitate the distribution of controlled substances or is traceable thereto.

B.     Approximately fifty thousand dollars ($50,000) in United States currency, in that such sum in aggregate was received from defendants JORGE CEPERO and OMAR OLIVERO, in exchange for and used to facilitate the distribution of controlled substances or is traceable thereto.

C.     A 1998 Dodge Ram, Fla. License U09SFZ with VIN: 1B7HC13Y9WJ194564, and registered to OMAR OLIVERO.

D.      If any of the property described above as being subject to forfeiture, as a result of any

act or omission of the defendants or any of them:

    1.      cannot be located upon the exercise of due diligence;

    2.      has been transferred or sold to, or deposited with, a third person;

    3.      has been placed beyond the jurisdiction of the Court;

    4.      has been substantially diminished in value; or

    5.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek

forfeiture of any other property of said defendants up to the value of the above property named for

forfeiture.

By virtue of the commission of one or more of the felony offenses charged in this indictment

by the defendants, any and all interest of the defendants in the above-described property is vested

in the United States and hereby forfeited to the United States pursuant to Title 21, United States

Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
HARRY C. WALLACE, JR.
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 02-20552 CR-UNGARO-BENAGES

v.

ALBERT TORRES, et al.

**CERTIFICATE OF TRIAL ATTORNEY***

MAGISTRATE JUDGE
BROWN

**Superseding Case Information:**

New Defendant(s)          Yes ____   No ____
Number of New Defendants     ____
Total number of counts       ____

**Court Division:** (Select One)

X___ Miami   ____ Key West
____ FTL     ____ WPB  ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:          (Yes or No) YES_____
    List language and/or dialect   SPANISH_____

4.  This case will take   3___   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

    | | | | | |
    |---|---|---|---|---|
    | I | 0 to 5 days | X___ | Petty | _____ |
    | II | 6 to 10 days | _____ | Minor | |
    | III | 11 to 20 days | _____ | Misdem. | _____ |
    | IV | 21 to 60 days | _____ | Felony | X___ |
    | V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court?  (Yes or No)  NO___
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?  (Yes or No) NO_____
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____   District of _____

    Is this a potential death penalty case? (Yes or No) _____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes  X__ No    If yes, was it pending in the Central Region? __ Yes X__ No

8.  Did this case originate in the Narcotics Section, Miami? __ Yes X __ No

HARRY C. WALLACE, JR.
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0623946

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**02-20552** CR-UNGARO-BENAGES

### PENALTY SHEET

**Defendant's Name:** **ALBERT TORRES**

MAGISTRATE JUDGE
BROWN

**Case No:**

**Count #: I**

  CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

  21 USC 846

**\* Max.Penalty:**          LIFE IMPRISONMENT

**Count #: II**

  ATTEMPT TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

21 USC 846

**\*Max. Penalty:**      LIFE IMPRISONMENT

**Count #:**

_____

_____

**\*Max. Penalty:** _____

**Count #:**

_____

_____

**\*Max. Penalty:** _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**02-20552** CR-UNGARO-BENAGES

### PENALTY SHEET

MAGISTRATE JUDGE
BROWN

**Defendant's Name: CARMEN CAICEDO**

**Case No:**

Count #: I

  CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

  21 USC 846

**\* Max.Penalty:**          LIFE IMPRISONMENT

Count #: II

  ATTEMPT TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

21 USC 846

**\*Max. Penalty:**       LIFE IMPRISONMENT

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02-20552 CR-UNGARO-BENAGES

### PENALTY SHEET

MAGISTRATE JUDGE
BROWN

**Defendant's Name:** <u>JORGE CEPERO</u>

**Case No:**

Count #: I

<u>CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE</u>

<u>21 USC 846</u>

**\* Max.Penalty:**            LIFE IMPRISONMENT

Count #: III

<u>ATTEMPT TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE</u>

<u>21 USC 846</u>

**\*Max. Penalty:**       LIFE IMPRISONMENT

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

02 - 20552 CR - UNGARO - BENAGES

MAGISTRATE JUDGE
BROWN

### PENALTY SHEET

**Defendant's Name:** OMAR OLIVERO

**Case No:**

Count #: I

  CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

  21 USC 846

**\* Max.Penalty:**          LIFE IMPRISONMENT

Count #: III

  ATTEMPT TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

  21 USC 846

**\*Max. Penalty:**     LIFE IMPRISONMENT

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA,

vs.

CASE NO: 02-2779 GARBER

JORGE GIL CEPERO,

    Defendant.
_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing will be held before the HONORABLE TED E.
BANDSTRA, U.S. Magistrate Judge, U.S. District Courthouse, 300 N.E. 1st Avenue, Court Room
105, Miami, Florida 33132 on **Friday June 21, 2002 at 10:00 a.m.** or as soon thereafter as same
may be heard:

## BOND HEARING

SALAS, EDE, PETERSON & LAGE, L.L.C.
6333 Sunset Drive
South Miami, Florida 33143
Telephone No.: (305) 663-0000
Telecopier No.: (305) 663-0989
E-mail: glage@sepllaw.com
Attorneys for the Defendant
JORGE GIL CEPERO

By: _____
    GUSTAVO D. LAGE
    Fla. Bar No. 972551

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by facsimile (305) 597-2020 to: Ken Blanco, Assistant State Attorney, The Office of the United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132, on this 20 day of June, 2002.

Respectfully submitted,
SALAS, EDE, PETERSON & LAGE, L.L.C.
6333 Sunset Drive
South Miami, Florida 33143
Telephone No.: (305) 663-0000
Telecopier No.: (305) 663-0989
E-mail: glage@sepllaw.com
Attorneys for the Defendant
JORGE GIL CEPERO

By: _____
GUSTAVO D. LAGE
Fla. Bar No. 972551

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2779-GARBER

UNITED STATES OF AMERICA,

*ST/Related*

v.                                      ORDER ON BOND MOTION

JORGE GIL CEPERO

          This Cause came before the Court upon motion of the
(defendant)(government) to (reduce)(increase)(modify) the bond.
Upon consideration, it is
          ORDERED AND ADJUDGED as follows:
_____ The motion is denied; bond remains at _____
_____ The motion is granted; bond is set at:
          ____ Personal Surety, unsecured, in the amount of
                                                    $
          __X__ Personal Surety in the amount of $ 100,000 NeBBia
          with 10% posted with Clerk of Court.
          Co-Signed by Wife
          ____ Personal Surety in the amount of  $_____
          secured by the following collateral: _____
          _____

          ____ Full Cash in the amount of $_____

          ____ Corporate Surety in the amount of $_____

          ____ Full Cash or Corporate Surety in the amount of
          $_____In addition to the
standard conditions of bond, the following special conditions are
hereby imposed:
          ✗ Surrender all passports & travel documents to Pretrial Services.
          ✗ Report to Pretrial Services as follows: ✗ AS DIRECTED;    WEEKLY IN PERSON;    WEEKLY BY PHONE.
          ✗ Travel restricted to the Southern District of Florida.
          ✗ Maintain current residence.
          ✗ Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
          __ Maintain or actively seek full-time employment.
          __ Maintain or begin an educational program.
          __ Avoid all contact with victims of or witnesses to the crimes charged.
          __ Refrain from possessing a firearm, destructive device or other dangerous weapon.
                __ Comply with the following additional special conditions of this bond:_____
          _____

If bond is changed from that set in another District, the reason
pursuant to Rule 40(f) is:_____
DONE AND ORDERED at Miami, Florida this 21 day JUNE  2002.
TAPE NO. 02B-40-397

c:AUSA, Defense, Stallings            TED E. BANDSTRA
  Pretrial Services, Marshal          UNITED STATES MAGISTRATE JUDGE
  Gus Lage, Esq

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2779-GARBER

UNITED STATES OF AMERICA,

vs.                                    **ORDER ON HEARING TO**
                                       **REPORT RE COUNSEL**

JORGE GIL CEPERO

        The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

        _____    Private counsel GUSTAVO D. Bage
                     appeared in open court and is noted as permanent
                     counsel of record.

        _____    The defendant requested Court appointed counsel, was
                     found eligible, and counsel will be appointed by
                     separate order.

        _____    The defendant requested Court appointed counsel but
                     was found ineligible, and shall appear before the
                     Court on _____
                     at 10:00 a.m. to report regarding his/her further
                     efforts to retain counsel, unless counsel notices a
                     permanent appearance before that date.

        _____    The defendant requested further time to retain
                     counsel and shall appear before the Court on
                     _____ at 10:00 a.m. to report
                     regarding his/her further efforts to retain counsel,
                     unless counsel notices a permanent appearance before
                     that date.

        **DONE AND ORDERED** at Miami, Florida this ___21_____ day
of _JUNE_____,2002.

TAPE 02B- 4c.2l00

                                    _____
                                    **TED E. BANDSTRA**
                                    **UNITED STATES MAGISTRATE JUDGE**

c. Defense Counsel
   Pretrial Services
   U.S. Marshal
   AUSA

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA,

vs.

CASE NO: 02-2779 GARBER

JORGE GIL CEPERO,

Defendant.

_____/

## NOTICE OF PERMANENT APPEARANCE

**GUSTAVO D. LAGE**, a member in good standing of the Florida Bar and a member of the

Federal Bar admitted to practice in the Southern District of Florida, hereby enters his appearance on

behalf of himself and the law firm of SALAS, EDE, PETERSON & LAGE. LLC as attorneys of

record for the Defendant, **JORGE GIL CEPERO**.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by

Hand Delivery to: Brian Frasier, AUSA, The Office of the United States Attorney, 99 N.E. 4th

Street, Miami, Florida 33132, on this ___ day of June, 2002.

Respectfully submitted,
SALAS, EDE, PETERSON & LAGE. L.L.C.
6333 Sunset Drive
South Miami, Florida  33143
Telephone No.: (305) 663-0000
Telecopier No.: (305) 663-0989
E-mail: glage@sepllaw.com
Attorneys for the Defendant
JORGE GIL CEPERO

By: _____
GUSTAVO D. LAGE
Fla. Bar No. 972551

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

     Plaintiff,

                                   Case No.: 02-2779 CR GARBER

vs.

OMAR OLIVEROS,

     Defendant.

_____/

### JOINT STIPULATION SATISFYING NEBBIA REQUIREMENTS OF BOND

     COMES NOW the United States by and through their undersigned attorney and files this

their Joint Stipulation Satisfying the Nebbia Requirement of Bond and sets forth:

     1.    Defendant's employer Ernesto Tomey took out the sum of $2,000.00 from his Corporate account, Rainbow Auto Specialist, Inc., at Ocean Bank Account no. 118548905. That account had a balance of $2,571.15 prior to the Defendant's arrest. "A"

     2.    A friend, Edita Sanchez, 201 NW 67 Court, Miami, FL 33126, took out the sum of $2,000.00 from her Citibank Account No. 3101181760. Said account had the sum of $6,930.67 prior to Defendant's arrest. "B"

     3.    A second friend, Miguel Angel Rodriguez, 22 SW 99 Place, Miami, FL 33170, took out a cash advance from his credit card in the amount of $3,000.00, First Union Visa, Account No. 4264 2984 6326 2474. "C"

     4.    Defendant's girlfriend, Arelis Fernandez, is placing the sum of $500.00 U.S. currency which part she had in her possession and the rest she borrowed from immediate friends.

1



OMAR OLIVEFOS                                    Case No. 02-2779-Cr-GARBER

   WHEREFORE both sides stipulate that Nebbia requirements of the Bond have been satisfied.


_____              _____
Kenneth Blanco                             Joseph A. Chambrot, Esq.
Assistant U.S. Attorney                    950 NW 22 Avenue
99 NE 4th Street,                          Miami, Florida 33125
Miami, Florida  33132                      (305)642-6464
(305)961-9001                              Bar No.: 434566


June 20, 2002
Nebbia has been satisfied

**BARRY L. GARBER**
UNITED STATES MAGISTRATE JUDGE

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: $75,000 10%

CASE NO.: 02-2779

68720-004

UNITED STATES OF AMERICA
           Plaintiff,

v.

Omar Oliveros                    Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $75,000.00  10% into the REGISTRY of COURT

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.  This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court, or the court to which the case has been removed or transferred.  The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

    4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5.  Shall not commit any act in violation of state or federal laws.

DEFENDANT: _Omar Olivares_

CASE NUMBER: _____

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

_X_ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

_X_ b. Report to Pretrial Services as follows: ( ) *as directed or* _2_ *times in person and* _2_ *times by telephone*;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;          _Remain SDFL_

___ f. Participate and undergo a sex offense specific evaluation and treatment;

_X_ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

_X_ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

_X_ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**    The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations,** and ( ) **other** _____

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____

___ p. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

___ q. Comply with the following additional conditions of bond:
_____
_____
_____

DEFENDANT: _Omar Olivares_
CASE NUMBER: _____
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)   a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Omar Clarks*
CASE NUMBER: _____
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

Signed this _14th_ day of _June_, 20 _02_, at _Miami-Dade_, Florida.

**DEFENDANT**

Signed and acknowledged before me:
WITNESS: _____
ADDRESS: _G 50  N.W.  5 Ave_
_Miami_ ZIP _33125_

DEFENDANT:(Signature)X _____
ADDRESS: _6380 T Constant Cancel Rd_
_Miani Fl._ ZIP _33626_
TELEPHONE: _305-256-8603_

## CORPORATE SURETY

Signed this _____ day of _____, 20_____, at _____, Florida.
SURETY:_____
ADDRESS:_____
_____ ZIP _____

AGENT:(Signature)_____
PRINT NAME:_____
TELEPHONE:_____

## INDIVIDUAL SURETIES

Signed this__day of _____, 20___, at _____, Florida.
SURETY:(Signature)_____
PRINT NAME:_____
RELATIONSHIP TO
DEFENDANT:_____
ADDRESS:_____
_____ ZIP _____
TELEPHONE:_____

Signed this__day of _____, 20___, at _____, Florida.
SURETY:(Signature)_____
PRINT NAME:_____
RELATIONSHIP TO
DEFENDANT:_____
ADDRESS:_____
_____ ZIP _____
TELEPHONE:_____

## APPROVAL BY COURT

Date: _6-20-02_

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

AO82
(Rev. 4/90)

ORIGINAL

**228740**

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

at _____Miami_____

RECEIVED FROM    *Edita S. Leyva*
*241 NW 61 ct*
*Miami, FI 33126*
*USA vs Oman Olivera*

Fund (Ck# 21853242)

| | ACCOUNT | AMOUNT | |
|---|---|---|---|
| 6855XX Deposit Funds | · | 2,000 | 00 |
| 604700 Registry Funds | | | |
| General and Special Funds | | | |
| 508800 Immigration Fees | | | |
| 085000 Attorney Admission Fees | | | |
| 086900 Filing Fees | | | |
| 322340 Sale of Publications | | | |
| 322350 Copy Fees | TOTAL | 2,000. | 00 |

Case Number or Other Reference
*02-27 M - Mc Graber*

322360 Miscellaneous Fees
143500 Interest
322380 Recoveries of Court Costs
322386 Restitution to U.S. Government
121000 Conscience Fund
129900 Gifts
504100 Crime Victims Fund
613300 Unclaimed Monies
510000 Civil Filing Fee (½)
510100 Registry Fee

*Appearance*
*Bond To be*
*Invested*

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE 06/20/02 | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|---|

AO82
(Rev. 4/90)

228742

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _Miami_

RECEIVED FROM _Rainbow Auto Specialist_
_1670 NW St #2_
_Miami, Fl 33124_
_USA vs Omar Oliveros_

Fund _CK # 612466_

| ACCOUNT | AMOUNT |
|---------|--------|
|  | 2,600 00 |
|  |  |
|  |  |
| TOTAL | 2,600.00 |

| Fund | |
|------|--|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
|  | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

Case Number or Other Reference
_02-2779-MC-Garber_

_Appearance
Bond To be
Invested_

**$** Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|------|------|-------|------|--------|--------------|
| _6/26/02_ |  | ✓ |  |  | _S Hamilton_ |

AO82
(Rev. 4/90)

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

228741

at _Miami_

RECEIVED FROM _Miguel A. Rodriguez_
_22 SW 44 PL._
_Miami, Fl 33174_
_USA vs Omar Oliveros_

| Fund | | ACCOUNT | AMOUNT |
|------|------|---------|--------|
| 6855XX | Deposit Funds | | 3,000.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | TOTAL | 3,000.00 |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | Case Number or Other Reference | |
| 143500 | Interest | 02-2771-Mc-Garber | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | Appearance | |
| 504100 | Crime Victims Fund | Bond To be | |
| 613300 | Unclaimed Monies | Invested | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

CKF $168918548

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|------|------|-------|------|--------|--------------|
| 06/20/02 | | | | | |

228739

AO82
(Rev. 4/90)

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _Miami_

RECEIVED FROM _Arelis L. Sabet_
_6380 Tamigmi Canal Rd._
_Miami, Fl 33126-4560_
_USA vs Omar Oliveros_

SSTF 550-67-874()

| Fund | | ACCOUNT | AMOUNT |
|------|------|------|------|
| 6855XX | Deposit Funds | () | 500.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | TOTAL | 500.00 |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | Case Number or Other Reference |
| 143500 | Interest | 02-27m-MC-00R |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | Appearance |
| 504100 | Crime Victims Fund | Bond To be |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | Trusted |
| 510100 | Registry Fee | |

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|------|------|------|------|------|------|
| 06/20 19 | | | | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02- 2779 Gabo_

UNITED STATES OF AMERICA,

v.

Omar Olivios

NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD

FILED by JS D.C.
DKTG
JUN 21 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

COMES NOW _Joe Chambrot_, and files this
appearance as counsel for the above named defendant(s). Counsel
agrees to represent the defendant(s) for all proceedings arising
out of the transaction with which the defendant(s) is/are presently
charged in the United States District Court in and for the Southern
District of Florida.

Counsel hereby states that this appearance is unconditional
and in conformity with the requirements of Local General Rule 16
and the Special Rules Governing the Admission and Practice of
Attorneys.

Counsel acknowledges responsibility to advise the
defendant(s) of the right of appeal, to file a timely notice of
appeal if requested to do so by the defendant(s), and to pursue
that appeal unless relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A
BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _6/21/02_

Attorney _Joseph A Chambrot_

Address _950 N.W. 22400_

City _Mia_ State _Fl_ Zip Code _33125_

Telephone (_305_) _642-6464_

The undersigned defendant(s) hereby consent(s) to the
representation of the above counsel.

_____

_____

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2779-GARBER



UNITED STATES OF AMERICA,

vs.                                    **ORDER ON HEARING TO**
                                       **REPORT RE COUNSEL**

OMAR OLIVEROS

        The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

____X____   Private counsel _Joe ChamBrol_
            appeared in open court and is noted as permanent
            counsel of record.

_____    The defendant requested Court appointed counsel, was
            found eligible, and counsel will be appointed by
            separate order.

_____    The defendant requested Court appointed counsel but
            was found ineligible, and shall appear before the
            Court on _____
            at 10:00 a.m. to report regarding his/her further
            efforts to retain counsel, unless counsel notices a
            permanent appearance before that date.

_____    The defendant requested further time to retain
            counsel and shall appear before the Court on
            _____ at 10:00 a.m. to report
            regarding his/her further efforts to retain counsel,
            unless counsel notices a permanent appearance before
            that date.

        **DONE AND ORDERED** at Miami, Florida this _____21_____ day
of _JUNE_____,2002.

TAPE 02B-_40-260_

                              _____
                              **TED E. BANDSTRA**
                              **UNITED STATES MAGISTRATE JUDGE**

c. Defense Counsel
   Pretrial Services
   U.S. Marshal
   AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02-2779 - GARBER_

UNITED STATES OF AMERICA,

v.

_CARMEN A. CAICEDO_

NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD

FILED by _JS_ D.C.
DKTG

JUN 2 i 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

COMES NOW ___Howard Sohn___, and files this
appearance as counsel for the above named defendant(s).  Counsel
agrees to represent the defendant(s) for all proceedings arising
out of the transaction with which the defendant(s) is/are presently
charged in the United States District Court in and for the Southern
District of Florida.

Counsel hereby states that this appearance is unconditional
and in conformity with the requirements of Local General Rule 16
and the Special Rules Governing the Admission and Practice of
Attorneys.

Counsel acknowledges responsibility to advise the
defendant(s) of the right of appeal, to file a timely notice of
appeal if requested to do so by the defendant(s), and to pursue
that appeal unless relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A
BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: ___6/21/02___

Attorney ___Howard Sohn___

Address ___3191 Coral Way #1010___

City ___Miami___ State ___FL___ Zip Code ___33145___

Telephone ___(305) 442-1020___

The undersigned defendant(s) hereby consent(s) to the
representation of the above counsel.

___Carmen Adriana Caicedo___



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2779-GARBER

FILED by _____ D.C.
DKTG

JUN 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.· MIAMI

UNITED STATES OF AMERICA,

vs.                                    **ORDER ON HEARING TO**
                                       **REPORT RE COUNSEL**

CARMEN A. CAICEDO

        The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

____X____    Private counsel _Howard Sohn_
             appeared in open court and is noted as permanent
             counsel of record.

_____    The defendant requested Court appointed counsel, was
             found eligible, and counsel will be appointed by
             separate order.

_____    The defendant requested Court appointed counsel but
             was found ineligible, and shall appear before the
             Court on _____
             at 10:00 a.m. to report regarding his/her further
             efforts to retain counsel, unless counsel notices a
             permanent appearance before that date.

_____    The defendant requested further time to retain
             counsel and shall appear before the Court on
             _____ at 10:00 a.m. to report
             regarding his/her further efforts to retain counsel,
             unless counsel notices a permanent appearance before
             that date.

   **DONE AND ORDERED** at Miami, Florida this ___21___ day
of _JUNE_____,2002.

TAPE 02B- 40-260

                                    _____
                                    **TED E. BANDSTRA**
                                    **UNITED STATES MAGISTRATE JUDGE**

c. Defense Counsel
   Pretrial Services
   U.S. Marshal
   AUSA



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02-2779 6u-lo_

UNITED STATES OF AMERICA,

v.

NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD

FILED by ___ D.C.
DKTG
JUN 21 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

_Alberto Torres_

COMES NOW _Jay L. Levine_, and files this
appearance as counsel for the above named defendant(s). Counsel
agrees to represent the defendant(s) for all proceedings arising
out of the transaction with which the defendant(s) is/are presently
charged in the United States District Court in and for the Southern
District of Florida.

Counsel hereby states that this appearance is unconditional
and in conformity with the requirements of Local General Rule 16
and the Special Rules Governing the Admission and Practice of
Attorneys.

Counsel acknowledges responsibility to advise the
defendant(s) of the right of appeal, to file a timely notice of
appeal if requested to do so by the defendant(s), and to pursue
that appeal unless relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A
BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _6/21/02_

Attorney _Jay L. Levine_

Address _3191 coral way #1010_

City _Miami_ State _FL_ Zip Code _33145_

Telephone _(305) 447-4926_

The undersigned defendant(s) hereby consent(s) to the
representation of the above counsel.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2779-GARBER



UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO**
**REPORT RE COUNSEL**

ALBERT TORRES

    The above named defendant having appeared before the Court as ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

X _____ Private counsel _Joy L. Levin_ appeared in open court and is noted as permanent counsel of record.

_____ The defendant requested Court appointed counsel, was found eligible, and counsel will be appointed by separate order.

_____ The defendant requested Court appointed counsel but was found ineligible, and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

_____ The defendant requested further time to retain counsel and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

    **DONE AND ORDERED** at Miami, Florida this _____21_____ day of _JUNE_____,2002.

TAPE 02B- _4c-2Leo_

_____
**TED E. BANDSTRA**
**UNITED STATES MAGISTRATE JUDGE**

c. Defense Counsel
   Pretrial Services
   U.S. Marshal
   AUSA



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  02-2779-GARBER

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALBERT TORRES,

        Defendant.
_____/

## STIPULATION

      The Defendant, ALBERT TORRES, by and through undersigned counsel,

and the United States Government represented by the Assistant United States

Attorney hereby stipulate that the Nebbia condition of the bond set in this cause

has been satisfied pursuant to the attached affidavit of the Defendant's sister, Dr.

Danette Torres.

      DATED this 17th day of June, 2002.


JAY L. LEVINE, ESQ.
Attorney for Defendant
3191 Coral Way, Suite #1010
Miami, Florida  33145
Telephone: (305) 447-9776

BRIAN FRAZIER
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida  33132
Telephone: (305) 961-9000


june 17, 2002

nebbia satisfied

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____
CASE NO.: _02-2779-6u-bc-_

UNITED STATES OF AMERICA
                    Plaintiff,

v.

                    Defendant,
_Albert Torres_

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _100,000  10% bond_

_( Personal Surety 10% Bond )_

STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court , or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

DEFENDANT:_____

CASE NUMBER:_____

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: ( ) *as directed or* ____2___ *times in person and* ___2___ *times by telephone*;

____ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

____ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

____ e. Participate in mental health assessment and/or treatment;                *Remain SDFC*

____ f. Participate and undergo a sex offense specific evaluation and treatment;

✓ g. Maintain or actively seek full-time employment;

____ h. Maintain or begin an educational program;

____ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

____ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

____ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

____ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

____ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

____ n. **HOME CONFINEMENT PROGRAM**    The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) **or paid for by Pretrial Services** ( ).

_____    **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____    **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other** _____.

____ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.

You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____

____ p. May travel to and from:_____, and must notify Pretrial Services of travel plans before leaving and upon return.

____ q. Comply with the following additional conditions of bond:

_____ *post 10% of the bond (19,000) with*

_____ *the clerk of the court.*

DEFENDANT:_____
CASE NUMBER:_____
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT:_____
CASE NUMBER:_____
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## DEFENDANT

Signed this _____ day of _____, 20 __, at _____, Florida.
Signed and acknowledged before me:
WITNESS: _____   DEFENDANT:(Signature)_____
ADDRESS: _____   ADDRESS:_____
_____ ZIP _____   _____ ZIP _____
                                     TELEPHONE:_____

## CORPORATE SURETY

Signed this _____ day of _____, 20 _____, at _____, Florida.
SURETY:_____   AGENT:(Signature)_____
ADDRESS:_____   PRINT NAME:_____
_____ ZIP _____   TELEPHONE:_____

## INDIVIDUAL SURETIES

Signed this __ day of _____, 20 ___, at _____, Florida.   Signed this __ day of _____, 20 ___, at _____, Florida.
SURETY:(Signature)_____   SURETY:(Signature)_____
PRINT NAME:_____   PRINT NAME:_____
RELATIONSHIP TO                    RELATIONSHIP TO
DEFENDANT:_____   DEFENDANT:_____
ADDRESS:_____   ADDRESS:_____
_____ ZIP _____   _____ ZIP _____
TELEPHONE:_____   TELEPHONE:_____

## APPROVAL BY COURT

Date:_____

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

AO82
(Rev. 4/90)

228728

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _MIAMI_

RECEIVED FROM   _DANETTE TORRES_
_C/O J. LEVINE_
_3191 CORAL WAY # 1010_
_MIAMI, FL. 33145_

_USA VS ALBERT TORRES_

| Fund | | ACCOUNT | AMOUNT | |
|------|------|---------|--------|--|
| 6855XX | Deposit Funds | | 10,000 | 00 |
| 604700 | Registry Funds | | | |
| | General and Special Funds | | | |
| 508800 | Immigration Fees | | | |
| 085000 | Attorney Admission Fees | | | |
| 086900 | Filing Fees | | | |
| 322340 | Sale of Publications | TOTAL | 10,000 | 00 |
| 322350 | Copy Fees | Case Number or Other Reference | | |
| 322360 | Miscellaneous Fees | _02-2779-BARBER_ | | |
| 143500 | Interest | | | |
| 322380 | Recoveries of Court Costs | | | |
| 322386 | Restitution to U.S. Government | _APPEARANCE BOND_ | | |
| 121000 | Conscience Fund | | | |
| 129900 | Gifts | _TO BE INVESTED_ | | |
| 504100 | Crime Victims Fund | | | |
| 613300 | Unclaimed Monies | _CK# 407780_ | | |
| 510000 | Civil Filing Fee (½) | | | |
| 510100 | Registry Fee | | | |

C/K# 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

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE 6/17/02 | Cash | Check | M.O. ✓ | Credit | DEPUTY CLERK |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: $50,000 P.S. 10 % Bond.
CASE NO.: 02-2779-Garber

UNITED STATES OF AMERICA
Plaintiff,

v.                                          #68717-004

CARMEN A. CAICEDO   Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 50,000 Personal Surety 10 % Cash Deposit Bond w/ Nebbia

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  Shall not commit any act in violation of state or federal laws.

DEFENDANT: _CARMONA CAICEDO_
CASE NUMBER: _02-2779- GARBER_
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓ as directed or _2_ times in person and _2_ times by telephone;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

✓ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;                         _Remain SDFL_

___ f. Participate and undergo a sex offense specific evaluation and treatment;

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;                 _NEBBIA SATISFIED IN COURT_

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;   _6-14-02_

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;   _ORALLY._

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) **or paid for by Pretrial Services ( ).**

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other**

_____

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____

___ p. May travel to and from:_____, and must notify Pretrial Services of travel plans before leaving and upon return.

___ q. Comply with the following additional conditions of bond:

_____

_____

DEFENDANT: _Carmen A- Caicedo_
CASE NUMBER: _02- 2779- Garber_
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _14th_ day of _June_, 20_02_, at _Miami_, Florida.
Signed and acknowledged before me:
WITNESS: _[signature]_
ADDRESS: _3191 Coral Way Suite 1010_
_Miami Fl._ ZIP _33145_

DEFENDANT:(Signature) _Carmen A Caicedo_
ADDRESS: _15380 sw 144 Ave_
_Miami, Fl_ ZIP _33177_
TELEPHONE: _305 969 9613_

### CORPORATE SURETY

Signed this _____ day of _____, 20___, at _____, Florida.
SURETY:_____
ADDRESS:_____
_____ ZIP _____

AGENT:(Signature)_____
PRINT NAME:_____
TELEPHONE:_____

### INDIVIDUAL SURETIES

Signed this _14_ day of _June_, 200_2_, at _Miami_, Florida.
SURETY:(Signature) _[signature]_
PRINT NAME: _Enrique Henry Rivalta_
RELATIONSHIP TO
DEFENDANT: _Brother in Law_
ADDRESS: _1515 sw 7xx Pl._
_Miami Fl_ ZIP _33144_
TELEPHONE: _(305) 262-0722_

Signed this ___ day of _____, 20___, at _____, Florida.
SURETY:(Signature)_____
PRINT NAME:_____
RELATIONSHIP TO
DEFENDANT:_____
ADDRESS:_____
_____ ZIP _____
TELEPHONE:_____

### APPROVAL BY COURT

Date: _6-14-02_

_[signature]_
UNITED STATES MAGISTRATE JUDGE
## BARRY L. GARBER

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services



DEFENDANT: _CARMEN A. CAICEDO_
CASE NUMBER: _02-2779- GARBER_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for th defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any ba posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term o imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon convictio for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term o imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to an other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a crimina investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offens punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informan or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails t appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court orde If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service a sentence, or appeal or certiorari after conviction for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or mo the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or bo

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or bo

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than years, or both;

(4)    a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the senten imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all appli laws of the United States.

AO82
(Rev. 4/90)

228720

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

at _Miami_

RECEIVED FROM _The Solution Insurance Group_
_9833 SW 40th St._
_Miami, Fl 33165_
_USA vs Carman A. Caicedo_

Fund C K#07808440

| | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | | 5,000.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 5,000.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | 02-2779-MG-Garber | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

Apperance
Bond To be
Invested

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

DATE 06/14 200_

| Cash | Check | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|

Hamilt,

CASE NUMBER _02-2779 Garber_

INTERPRETER REQUIRED IN CASE

> FILED by _____ D.C.
> DKTG
> JUN 1 4 2002
> CLARENCE MADDOX
> CLERK U.S. DIST. CT.
> S.D. OF FLA. - MIAMI

FOREIGN LANGUAGE_____ SPANISH _____

DEFENDANT(S)_____ OMAR OLIVEROS _____

Albert TORROS

CARMEN A. CAICEDO

JORGE Gil CEPERO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _O2 - 2778-Gacher_

UNITED STATES OF AMERICA

      Plaintiff,

v.

OMAR OLIVEROS

      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language___SPANISH_____
Tape No. 02 C- _48 -100 0_
AUSA ____D. Frank_____
AGENT _____

DOB:  12/13/68    Prisoner #687 20-004

    The above-named defendant having been arrested on __6/12/02_____having appeared before the court for initial appearance on ____6/14/02_____and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Joseph Chambrot_ appeared as permanent/temporary counsel of record.
Address: _____950 nw 22 Ave., Miami FL_____
Zip Code: __33125___  Telephone: _____642-6464_____

2. _____ appointed as permanent counsel of record.
Address:_____
Zip Code: _____  Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____ _6-21-02_ _____, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _6-28-02_ , 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_____ _Stip. $75,000, 10 % Personal Surety_ _____
_____ _w/ nebbia (no hearing held)_ _____ This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

__✓a. Surrender all passports and travel document to the Pretrial Services Office.
__✓b. Report to Pretrial Services as follows: _2_ times a week by phone, _2_ time a week in person; other: _Remain SDFL_
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
_✓_d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

OMAR OLIVEROS

___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                 On Warrant _____
                 After Hearing _____

       If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is __
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

       **DONE AND ORDERED** at Miami, Florida, this _____14th_____ day of _JUNE_____ 2002.

**BARRY L. GARBER**
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02-2779_

UNITED STATES OF AMERICA,

v.

_mm Oliveras_

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

COMES NOW _JOE CHAMBROT_ and

files this **temporary appearance** as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
obligations **imposed** by the Court such as **preparing and filing**
**documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name **(Printed)** _JOE CHAMBROT_

Counsel's Signature _____

Address _950 NW 22 AVE_
        _Miami Fl_        **ZIP CODE:** _33125_

Telephone _( 305 ) 642·6464_

NLR 5800.08B
**Attachment B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )
            Plaintiff )

    -vs- )

Oliveros, Omar )
          Defendant )

CASE NUMBER: CR _02-2779-Goode_

FILED by _____ D.C

**JUN 1 4 2002**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

REPORT COMMENCING CRIMINAL
ACTION

0720-004

*************************************************************************
TO: CLERK'S OFFICE    (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
      U.S. DISTRICT COURT         (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
      COURT ABOVE.
*************************************************************************
COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: _6/12/02 @ 4:15_    a.m.(p.m)

(2)    LANGUAGE(S) SPOKEN: _Spanish_

(3)    OFFENSE(S) CHARGED: _Conspiracy to Distribute_
_Cocaine 21 USC 846_

(4)    UNITED STATES CITIZEN:    ( )YES    (X)NO    ( )UNKNOWN

(5)    DATE OF BIRTH: _12/13/68_

(6)    TYPE OF CHARGING DOCUMENT:    (CHECK ONE)
      [ ] INDICTMENT    [X] COMPLAINT    CASE #_____
      [ ] BENCH WARRANT FOR FAILURE TO APPEAR
      [ ] PAROLE VIOLATION WARRANT
      ORIGINATING DISTRICT: _____
      COPY OF WARRANT LEFT WITH BOOKING OFFICER?    [ ]YES    [ ]NO

AMOUNT OF BOND:$_____ WHO SET BOND? _____

(7)    REMARKS: _____

(8)    DATE: _6/12/02_    (9) ARRESTING OFFICER _Tony Jones_

(10)    AGENCY _DEA_    (11) PHONE #_305-5972-22_

(12)    COMMENTS _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _02 -2779-Cubby_

UNITED STATES OF AMERICA

Plaintiff,

v.

JORGE GIL CEPERO
Defendant.

**ORDER ON INITIAL APPEARANCE**
Language____SPANISH_____
Tape No. 02 C- _48 -/0c O_
AUSA _____D-FrenK_____
AGENT _____

FILED by ___ D.C.
JUN 14 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

DOB:   3/4/47      Prisoner  #68719-004

_____/

The above-named defendant having been arrested on ___6/12/02_____having appeared
before  the court for initial appearance on ____6/14/02_____and
proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _GUSTAVO D. LAGE_ appeared as permanent/temporary counsel of record.
   Address:____6.333 Sunset Dr., So Miami, FL_
   Zip Code: __33143___ Telephone: ____663-058 9_____

2. _____ appointed as permanent counsel of record.
   Address:_____
   Zip Code: _____ Telephone:_____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   ____6-21-02_____, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _6-28-02_, 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or
   (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142: _Stip. $150,000 Corporate Surety Bond_
   __w/ Debbie (no hearing held)_ This
   bond shall contain the standard conditions of bond printed in the bond form of this Court  and, in
   addition, the defendant must comply with the special conditions checked below:

   ✓a. Surrender all passports and travel document to the Pretrial Services Office.
   ✓b. Report to Pretrial Services as follows: _2_times a week by phone,_2_ time a week in person;
      other: _remain SDFL_____
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
      substances prohibited by law.
   ✓d. Maintain or actively seek full time gainful employment.
   ___e. Maintain or begin an educational program.
   ___f. Avoid all contact with victims of or witnesses to the crimes charged.
   ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
   ___h. Comply with the following curfew: _____

JORGE GIL CEPERO

___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this ___14th___ day of _JUNE_____ 2002.

_____
**BARRY L. GARBER**
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02-21779-Garber_

UNITED STATES OF AMERICA,

v.

**NOTICE OF TEMPORARY**
**APPEARANCE AS COUNSEL**

_Jorge Gil Cepero_

COMES NOW _Jorge Gil Cepero_ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

obligations imposed by the Court such as **preparing and filing**

documents necessary to collateralize any **personal surety bond** which

may be set.

Counsel's Name **(Printed)** _Gustavo D Lage_

Counsel's Signature _Gustavo Lage_

Address _6333 Sunset Dr._

_S. Miami, Fl._        ZIP CODE: _33143_

Telephone _( 305)  663- 0989   FAX 305-663-0989_

MR 3800.08B
**Attachment B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )
         Plaintiff )

CASE NUMBER: CR _C2 - 2779-Gate_

-vs- )

REPORT COMMENCING CRIMINAL
ACTION

_Copero, Jorge Gil_
        Defendant

_C8719-CC4_

FILED by _DK_ D.C.
DKTG
JUN 1 4 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: CLERK'S OFFICE   ( MIAMI )   FT. LAUDERDALE   W. PALM BEACH
    U.S. DISTRICT COURT          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
      COURT ABOVE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: _6/12/02_ _4:15_   a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: _Spanish_

(3)   OFFENSE(S) CHARGED: _Conspiracy to Dist. Cocaine_

(4)   UNITED STATES CITIZEN:   ( ' )YES   (X)NO   ( )UNKNOWN

(5)   DATE OF BIRTH: _3/4/47_

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
    [ ] INDICTMENT   [X] COMPLAINT   CASE #_____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT
    ORIGINATING DISTRICT:_____
    COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [ ]NO

AMOUNT OF BOND:$_____WHO SET BOND?_____

(7)   REMARKS:_____

(8)   DATE: _6/12/02_   (9) ARRESTING OFFICER_____

(10)   AGENCY _DEA_   (11) PHONE #_____

(12)   COMMENTS_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _02 -2779- Garber_

UNITED STATES OF AMERICA

        Plaintiff,

v.

CARMEN A. CAICEDO
        Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language _ENGLISH_
Tape No. 02 C- _48 ~100 0_
AUSA _D. Frank_
AGENT

DOB: 9/9/69      Prisoner #68717-004

The above-named defendant having been arrested on __6/13/02__ having appeared before the court for initial appearance on __6/14/02__ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Howard Sohn_ appeared as permanent/temporary counsel of record.
   Address: _3191 Coral Way, #1010 Miami, FL_
   Zip Code: _33145_ Telephone: _441-1020_

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _6-21-02_, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am 6-28-02_, 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   _Stip $50,000 10% Personal Surety_
   _w/ Nebbia (no hearing held)_ This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
   ✓a. Surrender all passports and travel document to the Pretrial Services Office.
   ✓b. Report to Pretrial Services as follows: 2 times a week by phone, 2 time a week in person; other: _Remain SDFL_
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
   ✓d. Maintain or actively seek full time gainful employment.
   ___e. Maintain or begin an educational program.
   ___f. Avoid all contact with victims of or witnesses to the crimes charged.
   ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
   ___h. Comply with the following curfew: _____

_Nebbia condition orally satisfied_
_in open court this date._

CARMEN A. CAICEDO


___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                 On Warrant _____
                 After Hearing _____

         If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is __
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

         **DONE AND ORDERED** at Miami, Florida, this ____14th____ day of __JUNE____ 2002.

                         **BARRY L. GARBER**
                         **UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
    Defendant
    Counsel
    U.S. Marshal
    Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _O2 - 2777 - CANBU_

UNITED STATES OF AMERICA,

v.

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

_CARMEN CAICEDO_

COMES NOW _Howard Sohn, Esq._ and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
obligations imposed by the Court such as **preparing and filing
documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name (Printed) _Howard Sohn_

Counsel's Signature _____

Address _3191 Coral Way    #1010_
_____ _Miami_       ZIP CODE: _33145_

Telephone _( 305 ) 442 - 1020_



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

              Plaintiff

-vs-

Carmen A. Caicedo  Defendant

CASE NUMBER

CR 02-2779-Garber

REPORT COMMENCING CRIMINAL ACTION

JUN 14 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.

TO: CLERK'S OFFICE
U.S. DISTRICT COURT

All items are to be completed. Information not applicable or unknown will
be indicated as "N/A".

(1)  Date and time of arrest ___6-13-02____2:00 p.m.____

(2)  LANGUAGE SPOKEN ___English____

(3)  OFFENSE(S) CHARGED ___21 846   Consp to Dist. Cocaine____

(4)  U.S. CITIZEN [X] YES  [ ] NO  [ ] UNKNOWN

(5)  DATE OF BIRTH: ___9-9-69____

(6)  TYPE OF CHARGING DOCUMENT: (CHECK ONE)
     ORIGINATING DISTRICT: ___SDFL____

     [ ] INDICTMENT   [X] COMPLAINT  TO BE FILED/ALREADY FILED
     CASE # _____          CASE # _____
     [ ] BENCH WARRANT FOR FAILURE TO APPEAR
     [ ] PROBATION VIOLATION WARRANT
     [ ] PAROLE VIOLATION WARRANT
     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES    [ ] NO

AMOUNT OF BOND: _____

WHO SET BOND: _____

(7)  REMARKS: _____

(8)  DATE: ___6-13-02___  (9) ___SANES____

(10) AGENCY: ___DEA___  (11) ___305-590-4870 / 05/597-2077____
                              ARRESTING OFFICER
                              PHONE NO.

(12) COMMENTS: _____

_____

_____

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _02 - 2779 - Garber_

UNITED STATES OF AMERICA

      Plaintiff,

v.

ALBERT TORRES

      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language ___ENGLISH___
Tape No. 02 C- _48 - 100 0_
AUSA ___D. Frank___
AGENT _____

DOB: 6/23/64      Prisoner  #68716-004

The above-named defendant having been arrested on __6/13/02__ having appeared before  the court for initial appearance on ___6/14/02___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Jay Lavene_ appeared as permanent/temporary counsel of record.
Address: ___3191 Coral Way , #100  Miami, FL___
Zip Code: ___33145___   Telephone: ___449-9776___

2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____   Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on ___6-21-02___, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am ___6-28___, 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)  because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _____, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _Stip @ 100, 000  10% Personal Surety_ _w/ nebbia (no hearing held)_ This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

  ✓a. Surrender all passports and travel document to the Pretrial Services Office.
  ✓b. Report to Pretrial Services as follows: _2_ times a week by phone, _2_ time a week in person; other: _remand SDF_

  ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
  ✓d. Maintain or actively seek full time gainful employment.
  ___e. Maintain or begin an educational program.
  ___f. Avoid all contact with victims of or witnesses to the crimes charged.
  ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
  ___h. Comply with the following curfew: _____

ALBERT TORRES

___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                       On Warrant _____
                       After Hearing _____

      If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

     **DONE AND ORDERED** at Miami, Florida, this _____14th_____ day of _JUNE_____ 2002.

_____
**BARRY L. GARBER**
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2779-GANBER

UNITED STATES OF AMERICA,

v.                                    **NOTICE OF TEMPORARY**
                                      **APPEARANCE AS COUNSEL**

Albert Tones

COMES NOW _____ Jay Levine, Esq. _____ and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
obligations **imposed** by the Court such as **preparing and filing**
**documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name **(Printed)** _____ Jay Levine _____

Counsel's Signature _____

Address _____ 3191 Coral Way _____ Suite 1010 _____

_____ Miami _____ ZIP CODE: 33145 _____

Telephone ( 305 ) 447-9776 _____

68-004

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

                **Plaintiff**

-vs-

Albert Torres

         **Defendant**

CASE NUMBER

CR 02-2779-Garber

REPORT COMMENCING CRIMINAL ACTION

FILED by _____ D.C.
JUN 1 4 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

TO:  CLERK'S OFFICE
     U.S. DISTRICT COURT

All items are to be completed.  Information not applicable or unknown will be indicated as "N/A".

(1)  Date and time of arrest  6-13-02   2:00 PM

(2)  LANGUAGE SPOKEN   English

(3)  OFFENSE (S) CHARGED  CWID  Cocaine  21 § 846

(4)  U.S. CITIZEN [X] YES  [ ] NO  [ ] UNKNOWN

(5)  DATE OF BIRTH:  6-23-1964

(6)  TYPE OF CHARGING DOCUMENT: (CHECK ONE)
     ORIGINATING DISTRICT:  SDFL

     [ ]  INDICTMENT   [X] COMPLAINT  (TO BE) FILED/ALREADY FILED

     CASE # _____      CASE # _____

     [ ] BENCH WARRANT FOR FAILURE TO APPEAR

     [ ] PROBATION VIOLATION WARRANT

     [ ] PAROLE VIOLATION WARRANT

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES     [ ] NO

AMOUNT OF BOND: _____

WHO SET BOND: _____

(7)  REMARKS: _____

(8)  DATE:  6-13-02     (9)   SANES
                                      ARRESTING OFFICER

(10) AGENCY:   DEA     (11)  305-597-2001
                                        PHONE NO.

(12) COMMENTS: _____

AO 91 (Rev. 5/85) Criminal Complaint    USA FRAZIER

# United States District Court

__SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.                                                        **CRIMINAL COMPLAINT**

ALBERT TORRES,
  a/k/a "Fernando,"
CARMEN CAICEDO,
JORGE CEPERO,
  a/k/a "Papi," and
OMAR OLIVERO

FILED by _____ D.C.
DKTG
JUN 1 4 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

CASE NUMBER: 02-2779-GARBER

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

Beginning on or about June 6, 2002, through and including June 13, 2002, at Miami-Dade County, in the Southern District of Florida and elsewhere, the above-named defendants, ALBERT TORRES, a/k/a "Fernando," CARMEN CAICEDO, JORGE CEPERO, a/k/a "Papi," and OMAR OLIVERO, did knowingly and intentionally conspire to possess five (5) kilograms or more of cocaine with the intent to distribute, and did knowingly and intentionally attempt to possess five (5) kilograms or more of cocaine with the intent to distribute, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(i).

I further state that I am a Special Agent and that this complaint is based on the following facts:

Please see attached affidavit.

_____
Signature of Complainant
**ANTHONY SANES**
**UNITED  STATES  DRUG  ENFORCEMENT**
**ADMINISTRATION**
**JUNE 14, 2002**

Sworn to before me, and subscribed in my presence,

_June 14, 2002_____          at _Miami, Florida_____
Date                                                           City and State

THE HONORABLE BARRY L. GARBER          _____
UNITED STATES MAGISTRATE JUDGE          Signature of Judicial Officer
Name and Title of Judicial Officer

## AFFIDAVIT

I, ANTHONY SANES, being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Drug Enforcement Administration, and have been so assigned for approximately the past four (4) years.

2. The information contained in this affidavit is submitted for the purpose of supplying probable cause for the issuance of a criminal complaint against Albert TORRES, Carmen CAICEDO, Jorge CEPERO and Omar OLIVERO for various federal narcotics trafficking offenses, including conspiracy to posses, and attempted possession of, five (5) kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i). The facts in this affidavit are based on both personal knowledge and what other persons have told me about this investigation. Although I am familiar with all aspects of this case, I have not included each and every fact known to me about it. Instead, this affidavit sets forth only those facts that are necessary to support a criminal complaint.

3. On or about June 6, 2002, based on information provided to the United States Customs Service at Miami International Airport by agents of the United States Drug Enforcement Administration, the Customs Service seized approximately twenty (20) kilograms of cocaine, contained inside of a single piece of luggage. The luggage was located aboard an Aces Airline flight No. 536 arriving from Colombia.

4. On or about June 8, 2002, an undercover agent received information from an unidentified individual in Colombia that another individual, known at the time only as "Fernando," but later identified as Albert TORRES, would contact the undercover agent in Miami to take receipt of ten (10) out of the twenty (20) kilograms of cocaine. The unidentified

individual also gave the undercover agent TORRES's cellular telephone number in Miami ((305) 606-6713).

5.  Also on the same date, the same unidentified individual gave the undercover agent the contact information for another individual, known at the time only as named "Papi," but later identified as Jorge CEPERO.   The unidentified individual told the undercover agent that CEPERO would be the recipient for the remaining ten (10) kilograms of cocaine, and gave the undercover agent CEPERO's the telephone number in Miami ((305) 979-1817).

6.  Also on the same date, both the undercover agent and a confidential source of information made telephonic contact with both TORRES and CEPERO in order to make arrangements to deliver a load of ten (10) kilograms of cocaine to each.  During several recorded telephonic conversations, the undercover agent and the confidential source made arrangements to meet first with TORRES and then with CEPERO to deliver the cocaine.

7.  On or about June 10, 2002, in recorded telephonic conversations, the confidential source agreed with CEPERO to consummate the transaction for the ten (10) kilograms of cocaine on Thursday, June 13, 2002.   On or about June 12, 2002, in additional recorded telephonic conversations, the confidential source agreed with TORRES to consummate the transaction for the remaining ten (10) kilograms of cocaine on June 13, 2002.

8.  On or about June 13, 2002, the undercover agent and the confidential source made telephonic contact with TORRES to arrange his cocaine transaction.  Later the same day, the undercover agent and the confidential source met with TORRES at a location in Miami and negotiated the delivery of the ten (10) kilograms of cocaine.   During the course of the negotiations, the confidential source asked to see the money for the payment of the fees associated with the transportation of the cocaine.

2

9.  At this point, TORRES used his cellular telephone to contact an unknown female, later identified as Carmen CAICEDO.  TORRES asked CAICEDO to come to the location.  A short while later, CAICEDO arrived in a vehicle.  TORRES indicated that CAICEDO had the money associated with the cocaine transaction.  When the confidential source walked over to CAICEDO, she showed him/her an amount of United States currency, which was contained inside a zippered pouch.  The confidential source inspected the contents of the pouch and returned to the undercover agent and TORRES without the currency.

10.  The undercover agents and the confidential source instructed TORRES follow them to another location where TORRES could inspect the cocaine.  TORRES directed CAICEDO to leave the area with the currency and wait for his instructions.  The confidential source and the undercover agent drove away with TORRES following in his own vehicle.  TORRES followed the confidential source and the undercover agent to another location where TORRES viewed and inspected the cocaine.

11.  Once satisfied, TORRES called CAICEDO and gave her directions to the new location.  A short while later, CAICEDO arrived and gave the confidential source the zippered pouch containing the currency.  After the money had been delivered, the undercover agent gave the prearranged arrest signal, and TORRES and CAICEDO were arrested without incident.

12.  Also on or about June 13, 2002, the undercover agent and the confidential source made telephonic contact with CEPERO to arrange his cocaine transaction.  Later the same day, the undercover agent and the confidential source met with CEPERO and OLIVERO at a location in Miami to negotiate the delivery of the remaining ten (10) kilograms of cocaine.  During the course of the negotiations, the confidential source asked to see the money for the payment of the fees associated with the transportation of the cocaine.

3

13. CEPERO and OLIVERO told the undercover agent and the confidential source that OLIVERO would travel to another location to retrieve the money needed to complete the cocaine transaction. OLIVERO left to retrieve the money. While the undercover agent, the confidential source, and CEPERO waited, the undercover agent and the confidential source described the packaging of the cocaine that CEPERO was supposed to receive. In particular, CEPERO understood that the cocaine was contained in a round package.

14. After a while, OLIVERO returned with the money for the transaction. The confidential source walked over to OLIVERO's vehicle and inspected an amount of United States currency, which was contained inside a wooden box. The confidential source inspected the contents of the box and returned to the undercover agent and CEPERO.

15. The undercover agent and the confidential source instructed CEPERO and OLIVERO to follow them to another location where CEPERO and OLIVERO could inspect the cocaine and consummate the transaction. CEPERO and OLIVERO followed the undercover agent and the confidential source to another location where CEPERO and OLIVERO viewed and inspected the cocaine. As CEPERO and OLIVERO inspected the cocaine, the undercover agent gave the prearranged arrest signal, and CEPERO and OLIVERO were arrested without incident.

16. Based on the foregoing, I respectfully submit that there is probable cause to believe that Albert TORRES, Carmen CAICEDO, Jorge CEPERO and Omar OLIVERO did knowingly and intentionally conspire to possess five (5) kilograms or more of cocaine with the intent to

distribute, and did knowingly and intentionally attempt to possess five (5) kilograms or more of

cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).

FURTHER AFFIANT SAYETH NAUGHT

ANTHONY SANES
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
on this the 14th day of June, 2002.

THE HONORABLE BARRY L. GARBER
United States Magistrate Judge
Southern District of Florida

## BOND RECOMMENDATION

_____ **ALBERT TORRES** _____

$ __150K CSB__     (Personal Surety)(Recognizance, Corp. Surety)
                   (Jail)(On Bond) (Warrant) (Summons)
                   (Marshal's Custody)

Brian K. Frazier
Assistant United States Attorney

Last Known Address_____

What Facility_____

Special Agent: Anthony Sanes

## BOND RECOMMENDATION

_____**JORGE CEPERO**_____

$ __150K CSB__   (Personal Surety)(Recognizance, Corp. Surety)
(Jail)(On Bond) (Warrant) (Summons)
(Marshal's Custody)

_____
Brian K. Frazier
Assistant United States Attorney

Last Known Address_____

What Facility_____

Special Agent: Anthony Sanes

## BOND RECOMMENDATION

_____   **CARMEN CAICEDO**   _____

$ __125K CSB__   (Personal Surety)(Recognizance, Corp. Surety)
(Jail)(On Bond) (Warrant) (Summons)
(Marshal's Custody)

Brian K. Frazier
Assistant United States Attorney

Last Known Address_____

What Facility_____

Special Agent: Anthony Sanes

## BOND RECOMMENDATION

**OMAR OLIVERO**

$ __125K CSB__   (Personal Surety)(Recognizance, Corp. Surety)
(Jail)(On Bond) (Warrant) (Summons)
(Marshal's Custody)

Brian K. Frazier
Assistant United States Attorney

Last Known Address_____

What Facility_____

Special Agent: Anthony Sanes